Michael M. Yi
LEE ANAV CHUNG WHITE
KIM RUGER & RICHTER LLP
99 Madison Avenue, 8th Floor
New York, New York 10016
*Telephone: (212) 271-0664*
*Facsimile: (212) 271-0665*

*Attorneys for Defendant*
*Walgreen Co.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------X

ZEIKOS INC.,                                          21-cv-19993-SDW-MAH

                          Plaintiff,          **DEFENDANT**
                                              **WALGREEN CO.'S ANSWER**

        - against -

WALGREEN CO.,

                          Defendant.
------------------------------------------------------------------X

        Defendant Walgreen Co. ("Walgreens"), by its undersigned attorneys, as and for its

Answer to plaintiff Zeikos Inc.'s Complaint (the "Complaint"):

        1.      Denies the allegations in paragraph 1 of the Complaint.

        2.      Admits, upon information and belief, the allegations in paragraph 2 of the

Complaint.

        a.      Admits, upon information and belief, the allegations in paragraph 2(a) of the

Complaint.

        b.      Admits the allegations in paragraph 2(b) of the Complaint.

        c.      Admits, upon information and belief, the allegations in paragraph 2(c) of the

Complaint.

3.      Admits, upon information and belief, the allegations in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Denies the allegations in paragraph 5 of the Complaint, except admits that Walgreens is a subsidiary of Walgreens Boots Alliance, Inc. and that, for 2021, upon information and belief, Fortune Media Corporation, through its publications Fortune Magazine and Fortune.com, ranked Walgreens Boots Alliance, Inc. as the 16th largest company in America.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, except admits that Walgreens issued purchase orders to plaintiff and received products pursuant to such orders.

### IN RESPONSE TO THE FIRST CLAIM FOR RELIEF

8.      In response to paragraph 8 of the Complaint, repeats and re-alleges paragraphs 1 through 7 of this Answer with the same force and effect as if fully set forth herein.

9.      Denies the allegations in paragraph 9 of the Complaint.

10.     Admits the allegations in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     Denies the allegations in paragraph 13 of the Complaint.

14.     In response to the allegations in paragraph 14 of the Complaint, respectfully refers the Court to the Product Placement Agreement (a copy of which is attached to the Complaint as Exhibit A) (the "Product Placement Agreement") for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the Product Placement Agreement.

15.     Admits the allegations in paragraph 15 of the Complaint.

16.     In response to the allegations in paragraph 16 of the Complaint, respectfully refers the Court to the Product Placement Agreement for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the Product Placement Agreement.

17.     In response to the allegations in paragraph 17 of the Complaint, respectfully refers the Court to the Product Placement Agreement for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the Product Placement Agreement.

18.     In response to the allegations in paragraph 18 of the Complaint, respectfully refers the Court to the Product Placement Agreement for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the Product Placement Agreement.

19.     Admits the allegations in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Denies the allegations in paragraph 21 of the Complaint

22.     In response to the allegations in paragraph 22 of the Complaint, respectfully refers the Court to the Amended and Restated Product Placement Agreement (a copy of which is attached to the Complaint as Exhibit B) (the "Amended and Restated Product Placement Agreement") for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the Amended and Restated Product Placement Agreement.

23.     In response to the allegations in paragraph 23 of the Complaint, respectfully refers the Court to the Amended and Restated Product Placement Agreement for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the Amended and Restated Product Placement Agreement.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Denies the allegations in paragraph 25 of the Complaint.

26.     In response to the allegations in paragraph 26 of the Complaint, respectfully refers the Court to the Amended and Restated Product Placement Agreement for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the Amended and Restated Product Placement Agreement.

27.     In response to the allegations in paragraph 27 of the Complaint, respectfully refers the Court to the Amended and Restated Product Placement Agreement for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the Amended and Restated Product Placement Agreement.

28.     In response to the allegations in paragraph 28 of the Complaint, respectfully refers the Court to the Amended and Restated Product Placement Agreement for the true and correct

contents thereof, and denies any allegations or characterizations contrary to the express language

of the Amended and Restated Product Placement Agreement.

29.     Denies the allegations in paragraph 29 of the Complaint.

30.     In response to the allegations in paragraph 30 of the Complaint, respectfully refers

the Court to the Amended and Restated Product Placement Agreement for the true and correct

contents thereof, and denies any allegations or characterizations contrary to the express language

of the Amended and Restated Product Placement Agreement.

31.     Denies the allegations in paragraph 31 of the Complaint.

32.     In response to the allegations in paragraph 32 of the Complaint, respectfully refers

the Court to the Amended and Restated Product Placement Agreement for the true and correct

contents thereof, and denies any allegations or characterizations contrary to the express language

of the Amended and Restated Product Placement Agreement.

33.     Denies the allegations in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 34 of the Complaint.

35.     Denies the allegations in paragraph 35 of the Complaint.

36.     In response to the allegations in paragraph 36 of the Complaint, respectfully refers

the Court to the letter, dated October 6, 2021, (the "October 6, 2021 Letter") for the true and

correct contents thereof, and denies any allegations or characterizations contrary to the express

language of the October 6, 2021 Letter; and denies the remaining allegations.

37.     Denies the allegations in paragraph 37 of the Complaint.

## IN RESPONSE TO THE SECOND CLAIM FOR RELIEF

38.     In response to paragraph 38 of the Complaint, repeats and re-alleges paragraphs 1 through 37 of this Answer with the same force and effect as if fully set forth herein.

39.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 39 of the Complaint to the extent they pertain to plaintiff, and denies the allegations in paragraph 39 of the Complaint to the extent they pertain to Walgreens.

40.     Admits the allegations in paragraph 40 of the Complaint.

41.     In response to the allegations in paragraph 41 of the Complaint, respectfully refers the Court to e-mails exchanged between Albert Gehrke of Walgreens and Jack Saideh on or about January 20, 2021 (the "January 20, 2021 E-mails") for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the January 20, 2021 E-mails.

42.     In response to the allegations in paragraph 42 of the Complaint, respectfully refers the Court to the January 20, 2021 E-mails for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the January 20, 2021 E-mails.

43.     In response to the allegations in paragraph 43 of the Complaint, respectfully refers the Court to the document attached to the Complaint as Exhibit C ("Exhibit C") for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of Exhibit C.

44.     Denies the allegations in paragraph 44 of the Complaint.

45.     Denies the allegations in paragraph 45 of the Complaint.

46.     Denies the allegations in paragraph 46 of the Complaint.

47.     Denies the allegations in paragraph 47 of the Complaint.

48.     In response to the allegations in paragraph 48 of the Complaint, respectfully refers the Court to the April 8, 2021 draft (the "April 8, 2021 Draft") for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the April 8, 2021 Draft.

49.     In response to the allegations in paragraph 49 of the Complaint, respectfully refers the Court to the April 8, 2021 Draft for the true and correct contents thereof, and denies any allegations or characterization contrary to the express language of the April 8, 2021 Draft.

50.     In response to the allegations in paragraph 50 of the Complaint, respectfully refers the Court to Albert Gehrke of Walgreens' e-mail of August 27, 2021 (the "August 27, 2021 E-mail") for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the August 27, 2021 E-mail.

51.     Denies the allegations in paragraph 51 of the Complaint.

52.     In response to the allegations in paragraph 52 of the Complaint, respectfully refers the Court to the Amended and Restated Product Placement Agreement for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the Amended and Restatement Produce Placement Agreement; and denies the remaining allegations.

53.     In response to the allegations in paragraph 53 of the Complaint, respectfully refers the Court to the Amended and Restated Product Placement Agreement for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the Amended and Restatement Produce Placement Agreement; and denies the remaining allegations.

54.     Denies the allegations in paragraph 54 of the Complaint.

55.     In response to the allegations in paragraph 55 of the Complaint, respectfully refers the Court to the Amended and Restated Product Placement Agreement for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the Amended and Restatement Produce Placement Agreement; and denies the remaining allegations.

56.     Denies the allegations in paragraph 56 of the Complaint.

57.     Denies the allegations in paragraph 57 of the Complaint.

58.     Denies the allegations in paragraph 58 of the Complaint.

59.     In response to the allegations in paragraph 59 of the Complaint, respectfully refers the Court to the October 6, 2021 Letter for the true and correct contents thereof, and denies any allegations or characterizations contrary to the express language of the October 6, 2021 Letter; and denies the remaining allegations.

60.     Denies the allegations in paragraph 60 of the Complaint.

### IN RESPONSE TO THE THIRD CLAIM FOR RELIEF

61.     In response to paragraph 61 of the Complaint, repeats and re-allege paragraphs 1 through 60 of this Answer with the same force and effect as if fully set forth herein.

62.     Admits the allegations in paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.     In response to the allegations in paragraph 65 of the Complaint, respectfully refers

the Court to the October 6, 2021 Letter for the true and correct contents thereof, and denies any

allegations or characterizations contrary to the express language of the October 6, 2021 Letter;

and denies the remaining allegations.

66.     Denies the allegations in paragraph 66 of the Complaint.

## AS AND FOR A FIRST DEFENSE

67.     The Complaint should be dismissed for failure to state a claim upon which relief

can be granted.

## AS AND FOR A SECOND DEFENSE

68.     Plaintiff's claims are barred by the doctrine of waiver.

## AS AND FOR A THIRD DEFENSE

69.     Plaintiff's claims are barred by the doctrine of laches.

## AS AND FOR A FOURTH DEFENSE

70.     Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A FIFTH DEFENSE

71.     The Complaint should be dismissed because there has been no breach by

Walgreens.

## AS AND FOR A SIXTH DEFENSE

72.     The Complaint should be dismissed because plaintiff did not sustain any damages.

## AS AND FOR A SEVENTH DEFENSE

73.     The Complaint should be dismissed because Walgreens had just cause for its

actions.

## AS AND FOR AN EIGHTH DEFENSE

74.     Plaintiff failed to comply with its obligations under the agreements it seeks to

enforce, which failures constituted material breach and excused Walgreens from performance of

the respective agreement(s).


WHEREFORE, defendant Walgreen Co. prays for judgment on its Answer as follows:

a.     Dismissing the Complaint in its entirety, with prejudice; and

b.     Granting such other and further relief as the Court deems just and proper.


Dated:  New York, New York
        January 21, 2022


LEE ANAV CHUNG WHITE
KIM RUGER & RICHTER LLP

By: _____
        Michael M. Yi

99 Madison Avenue, 8th Floor
New York, New York  10016
(212) 271-0664

*Attorneys for Defendant*
*Walgreen Co.*


TO:  DUNNEGAN & SCILEPPI LLC
     437 Madison Avenue, 24th Floor
     New York, New York  10022
     (212) 332-8304
     Attention:  Laura Scileppi, Esq.

     *Attorneys for Plaintiff*
     *Zeikos Inc.*

10