UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZEIKOS, INC., | Civil Action No. 21-19993 (SDW)(JRA) |
| Plaintiff, | |
| v. | **JOINT PROPOSED DISCOVERY PLAN** |
| WALGREEN CO., | |
| Defendant. | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   Attorneys for Plaintiff

   Laura Scileppi
   Richard Weiss
   Dunnegan & Scileppi LLC
   437 Madison Avenue, 24th Floor
   New York, New York 10022
   Tel:  (212) 332-8300
   Fax:  (212) 332-8301

   Attorneys for Defendant

   Michael M. Yi
   Lee Anav Chung White
   Kim Ruger & Richter LLP
   99 Madison Avenue, 8th Floor
   New York, New York 10016
   Tel:  (212) 271-0664
   Fax:  (212) 271-0665

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   This is a breach of contract case.  Plaintiff alleges that defendant breached contracts with plaintiff by (i) failing to pay for goods sold and delivered, (ii) terminating one of the contracts early, and (iii) failing to perform, resulting in damages to plaintiff.  Defendant has denied all of the allegations of breach and

       has asserted certain affirmative defenses.

3.     Preliminary settlement discussions have taken place. To date, neither party has made any specific demand or offer.

4.     The parties have met pursuant to Fed. R. Civ. P. 26(f).

5.     The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1), except the exchange of certain documents awaits the entry of a confidentiality order.

6.     Other than the entry of the confidentiality order, the parties do not anticipate any issues with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

7.     The parties have not filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

8.     The parties have not conducted discovery other than the above disclosures.

9.     Proposed joint discovery plan:

    (a)     Discovery is needed on the following subjects:

        (1)     The terms of the parties' relevant contracts,

        (2)     The parties' respective performance, or breach, of those contracts,

        (3)     Plaintiff's damages, and

        (4)     Defendant's affirmative defenses.

    (b)     Discovery should not be conducted in phases or be limited to particular issues.

    (c)     Proposed schedule:

        (1)     Fed. R. Civ. P. 26 Disclosures completed, with documents produced within 14 days of the entry of a confidentiality order.

        (2)     E-discovery conference pursuant to L. Civ. R. 26.1 is completed.

        (3)     Service of initial written discovery before April 29, 2022.

        (4)     Maximum of 25 Interrogatories by each party to each other party.

   (5) Maximum of 10 depositions to be taken by each party.

   (6) Motions to amend or to add parties to be filed by June 15, 2022.

   (7) Factual discovery to be completed by September 15, 2022.

   (8) Plaintiff's expert report due on September 29, 2022.

   (9) Defendant's expert report due on November 14, 2022.

   (10) Expert depositions to be completed by December 29, 2022.

   (11) Dispositive motions to be served within 45 days of completion of discovery.

 (d) There are no special discovery mechanism or procedure requested.

 (e) A pretrial conference shall take place on a date that the Court shall schedule.

 (f) A jury trial may take place on a date that the Court shall schedule.

10. The parties do not anticipate any special discovery needs. Some depositions may be taken virtually.

11. The parties do not anticipate any issues relating to discovery of electronically-stored documents.

12. The parties anticipate a Discovery Confidentiality Order (See L.R. 5.3(b) and Appendix S), which has been submitted.

13. The parties do not anticipate any discovery issues that are not listed above.

14. The parties believe that this case is not appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise). The parties prefer to not limit their procedural rights by subjecting this dispute to arbitration. This case may be appropriate for mediation (pursuant to Local Civil Rule 301.1 or otherwise) after some exchange of written discovery.

15. This case is not appropriate for bifurcation.

16. An interim status/settlement conference (with clients available by telephone) in attendance), should be held on a date that the Court shall schedule.

17. We do not consent to the trial being conducted by a Magistrate Judge.

18. There are no other issues to address at the Rule 16 Scheduling Conference.

_____
Laura Scileppi, March 22, 2022

_____
Michael M. Yi, March 22, 2022

4