# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZEIKOS INC., <br><br> Plaintiff, <br><br> v. <br><br> WALGREEN CO., <br><br> Defendant. | Civil Action No. 21-cv-19993-SDW-JRA <br><br> **PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on **March 28, 2022**, and for good cause shown:

**IT IS, on this 28th day of March 2022,**

**ORDERED THAT:**

## I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures are to be exchanged no later than **April 11, 2022**.

## II. E-DISCOVERY CONFERENCE

2. E-Discovery conference pursuant to L. Civ. R. 26.1(d) shall take place on or before **April 11, 2022.**

## III. DISCOVERY

3. Fact discovery is to remain open through **September 15, 2022**. No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

4. The parties may serve interrogatories (limited to twenty-five (25) single questions, including subparts) and requests for production of documents on or before **April 29, 2022** to be responded to **within thirty (30) days of receipt**.

1

5.     Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **September 15, 2022**.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.  See Fed. R. Civ. P. 32(d)(3)(A).  No instruction not to answer shall be given unless a privilege is implicated.  Absent stipulation of all parties or leave of Court, each party shall be limited to ten (10) depositions.  See Fed. R. Civ. P. 30(a)(2).

6.     Counsel shall confer in a good faith attempt to informally resolve any and all discovery or case management disputes **before** seeking the Court's intervention.  See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1).  Should such informal effort fail to resolve the dispute, the parties shall submit a joint letter, not to exceed five (5) double-spaced pages, that sets forth (1) the specific nature of the dispute, (2) what good faith attempts were made to informally resolve any such dispute, and (3) any appropriate legal argument.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

7.     <u>Failure by any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.</u> **No motion related to discovery shall be filed before utilizing the procedures set forth in these paragraphs and without prior leave of Court.**

8.     Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **August 16, 2022**.  **The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.** If an unresolved dispute arises at a deposition, the parties must contact the Chambers of the Undersigned for assistance during the deposition.  Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court.

### IV.  DISCOVERY CONFIDENTIALITY ORDERS

9.     Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3.  See also <u>Glenmede Trust Co. v. Thompson</u>, 56 F.3d 476 (3d Cir. 1995); <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772 (3d Cir. 1994).  Counsel are advised that a sample form of Discovery Confidentiality Order is contained in Appendix S to the Local Civil Rules.

## V.  FUTURE CONFERENCES

10. There shall be a telephonic status conference before the undersigned on **June 22, 2022, at 10:00 a.m.** In advance of the conference, but no later than June 17, 2022, the parties shall file a joint status letter setting forth the status of completing discovery and any other issue that the Court needs to consider during the telephonic status conference. The dial-in information for the conference is (888) 684-8852, access code 1364268.

11. The Court may from time to time schedule further conferences as may be required, either *sua sponte* or at the request of a party. Counsel should be prepared to discuss settlement at every conference with the Court.

12. The parties shall appear for a settlement conference before the undersigned **at a time and date to be assigned**. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must attend unless excused by the Court. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference. Confidential settlement letters, which shall not exceed ten (10) pages absent leave from the Court, shall be sent to **JRA_orders@njd.uscourts.gov** at least three business days prior to the conference. Voluminous exhibits to settlement letters (exceeding 20 pages) will not be reviewed by the Court unless submitted in hard copy that is received by Chambers no later than three business days in advance of the settlement conference.

13. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

14. A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or may be disregarded by the Court.

## VI.  MOTIONS

15. **No motions are to be filed without prior written permission from this Court, except motions in lieu of Answer under Fed. R. Civ. P. 12.** These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and other applicable local and federal rules.

16. Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **June 15, 2022**. Before seeking Court leave to file a motion to amend a pleading, a party shall circulate the proposed amended pleading among all parties in an effort to obtain consent to the amendment. Any request for leave of the Court to file a motion to amend shall contain a redlined version of the proposed amended pleading as an exhibit.

17. All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery generally must be completed prior to the filing of a dispositive motion.

## VII. EXPERTS

18. All affirmative expert reports shall be delivered by **September 29, 2022**. Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

19. All responding expert reports shall be delivered by **November 14, 2022**. Any such report shall comport with the form and content requirements referenced above.

20. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **December 29, 2022**.

21. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VIII. FINAL PRETRIAL CONFERENCE

22. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) **at a time and date to be assigned.**

23. All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the final pretrial conference to prepare the Final Pretrial Order in compliance with the form and content requirements of the Court. Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

24. The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than **three full business days** before the final pretrial

conference. All parties are responsible for the timely submission of the Final Pretrial Order.

25. **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　JOSÉ R. ALMONTE
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Original:　Clerk of the Court
　　cc:　Hon. Susan D. Wigenton, U.S.D.J.
　　　　　All Parties